UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
September 16, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: PGC
DEPUTY

| | | |
|---|---|---|
| RACHEL NICHOLAS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 5:26-CV-03397-MA |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

The Court now considers Defendant Allstate Texas Lloyds' ("Defendant") "Motion to Show Authority or in the Alternative Request for Issuance of Scire Facias,"[1] and Plaintiff Rachel Nicholas' Response.[2]

This is a first-party property-insurance dispute arising from hailstorm damage to a residential property, 1100 Morning Rose, Schertz, Texas 78154 (the "Property"), that occurred on or about September 22, 2022.[3] Plaintiff alleges that Defendant mishandled her related insurance claim, breaching its duty to reasonably inspect the property before issuing an inadequate coverage determination.[4] In her complaint, Plaintiff alleges that she "is the owner of a Texas Homeowners' Insurance Policy number 216956394 (hereinafter referred to as "the Policy"), which was issued by Allstate Texas Lloyds."[5] In the instant motion, however, Allstate contends that the Policy was issued to John D. Nicholas, who died on or about February 16, 2022.[6] Defendant further asserts

[1] Dkt. No. 9.
[2] Dkt. No. 10.
[3] Dkt. No. 1-4, at ¶¶ 7–10.
[4] Dkt. No. 1-4, at ¶¶ 12–27.
[5] Dkt. No. 1-4, at ¶ 7.
[6] Dkt. No. 9, at ¶ 4.

that it "has not been provided documentation which shows Rachel Nicholas's authority to represent the deceased's estate. Furthermore, Plaintiff's counsel has failed to file a suggestion of death with the court."[7] In light of these contentions, Defendant presently requests that the "court hold a hearing in order for Plaintiff's counsel to show what authority she has to continue to prosecute this case" pursuant to Federal Rule of Civil Procedure 9, or, in the alternative, to "issue a scire facias to require heirs of the decedent to appear," due to Plaintiff's failure to file a "suggestion of death pursuant to Rule 25(a)(1)."[8]

The Court finds that neither form of requested relief is proper. First, Federal Rule of Civil Procedure 25(a)(1), which addresses substitution following the death *of a party* during the pendency of an action, does not apply because John D. Nicholas was not a party to this action and, according to Defendant, died before this action was filed.[9] Nor may the Court issue a writ of *scire facias*, which was formally abolished by Federal Rule of Civil Procedure 81(b),[10] and Allstate provides no procedural mechanism authorizing the relief it seeks.

Second, to the extent Allstate challenges Plaintiff's capacity, authority, or entitlement to sue in a representative capacity, Allstate's challenges misunderstands Federal Rule of Civil Procedure 9(a). Rule 9(a) provides that, "[e]xcept when required to show that the court has jurisdiction, a pleading need not allege a party's capacity to sue or be sued [or] a party's authority to sue or be sued in a representative capacity . . . To raise any of those issues, a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge."[11]

---

[7] Dkt. No. 9, at ¶ 5.
[8] Dkt. No. 9, at ¶¶ 6–7.
[9] *See* FED. R. CIV. P. 25(a)(1).
[10] *See* FED. R. CIV. P. 81(b), (c)(1).
[11] FED. R. CIV. P. 9(a)(1)–(2).

Allstate's motion does not establish that Plaintiff purports to bring this action solely as a representative of John D. Nicholas's estate. Plaintiff asserts that she brings this action "individually as an insured, successor, devisee, owner, or person otherwise entitled to enforce rights relating to the property and policy," rather than as a representative of John D. Nicholas's estate.[12] Plaintiff does not fully address the distinction between an ownership interest in the Property and enforceable rights under the Policy beyond asserting that "the precise scope of Plaintiff's insurance rights" is an "ultimate question" at issue in this action.[13]

The Court agrees that resolution of that "ultimate question" is not warranted at this stage. A showing of Plaintiff's capacity or authority is unnecessary to establish subject-matter jurisdiction in this proceeding, and, therefore, Rule 9(a) does not impose an evidentiary-pleading requirement on Plaintiff or authorize the Court to require Plaintiff to establish the factual and contractual basis for her asserted rights under the Policy at this stage of litigation.[14] Additionally, Plaintiff asserts in her complaint that she *is* the owner of the Policy.[15] Because the extent to which Plaintiff holds enforceable rights under the Policy will depend on its terms and those facts developed through discovery, the Court concludes that Plaintiff's allegation—that she is the owner of the policy—is sufficient to withstand Allstate's instant challenge.

Accordingly, Defendant's motion is **DENIED**.

IT IS SO ORDERED.

DONE this 15th day of September, 2026, in San Antonio, Texas.

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

[12] Dkt. No. 10, at 6.
[13] Dkt. No. 10, at 2, 10.
[14] *See* FED. R. CIV. P. 9(a)(1).
[15] Dkt. No. 1-4, at ¶ 7.